and death to the public, plaintiff decedent, persons on or about said premises and to peace and

police officers;  in directly and/or indirectly placing the public, plaintiff decedent, persons on or

about said premises and peace and police officers in reasonable fear of physical injury, serious

physical injury and death;  in displaying and/or utilizing illegal and/or dangerous and/or deadly

weapons and instruments;  in menacing;  in engaging in conduct that directly and/or indirectly

caused physical injury, psychological injury, serious physical injury and death to the public,

persons on or about said premises, plaintiff decedent and to peace and police officers;  in directly

and/or indirectly placing and/or exposing the public to a dangerous, unsafe, harmful and/or deadly

situation; in directly and/or indirectly placing and/or exposing the plaintiff decedent to a dangerous,

unsafe, harmful and/or deadly situation; in directly and/or indirectly placing and/or exposing

persons on or about said premises to a dangerous, unsafe, harmful and/or deadly situation;  in

directly and/or indirectly placing and/or exposing peace and police officers to a dangerous, unsafe,

harmful and/or deadly situation; in directly and/or indirectly placing the public in a position of peril;

in directly and/or indirectly placing the plaintiff decedent in a position of peril; in directly and/or

indirectly placing persons on or about said premises in a position of peril; in directly and/or

indirectly placing peace and police officers in a position of peril; in directly and/or indirectly

exposing the public, peace and police officers, plaintiff decedent and persons on or about said

premises to danger; in hindering the prosecution of decedent Anthony G. DiGeronimo;  in

harboring and/or concealing and/or assisting decedent Anthony G. DiGeronimo; in harboring

and/or concealing weapons at the aforesaid premises; in exposing foreseeable individuals to a

dangerous person;  in allowing and/or permitting improper and/or dangerous and/or harmful

individuals to enter and/or remain at said premises; in possessing and/or constructively possessing

dangerous and/or deadly weapons and/or instruments; in interfering, obstructing and/or impairing

governmental administration; in directly and/or indirectly obstructing the discovery and/or

apprehension of decedent Anthony G. DiGeronimo; in assisting and/or facilitating the dangerous,

illegal and/or improper acts of a dangerous person; in failing and/or refusing to aid a peace or

police officer; in improperly and/or insufficiently supervising and/or controlling decedent Anthony

G. DiGeronimo; in failing to provide sufficient lighting; in employing incompetent help; in

disregarding a substantial risk of injury and/or death to peace officers, police officers and/or law

enforcement personnel who would foreseeably respond to a dangerous situation created by

decedent Anthony G. DiGeronimo; in failing to properly hire, train and/or supervise its agents,

servants and/or employees; and in failing to use due care and caution under the circumstances;

in violating N.Y.S. Penal Law Sections 20.0, 105.05(1), 105.10(1), 105.15, 115.0, 115.00(1),

115.01, 115.05, 120.00, 120.00(1), 120.00(2), 120.00(3), 120.05, 120.10, 120.10(1), 120.10(2),

120.10(3), 120.10(4), 120.11, 120.13, 120.14, 120.14(1), 120.14(2), 120.15, 120.18, 120.20, 120.25,

125.10, 125.11, 125.15(1), 125.20, 125.20(1), 125.20(2), 125.22, 125.22(1), 125.22(2), 125.25,

125.25(1), 125.25(2), 125.25(3), 125.26, 125.26(1), 125.27, 125.27(1), 125.27(1)(a)(ii), 140.00,

140.05, 140.10, 140.15, 140.17, 140.20, 140.25, 140.30, 145.00, 145.05, 145.10, 145.14, 145.25,

195.05, 205.50, 205.55, 205.60, 205.65, 265.01, 265.01(1), 265.01(2), 265.02, 265.02(1), 265.02(2),

265.02(7); and in violating 42 U.S.C. §1983 and 42 U.S.C. §1988.

215.    The defendant(s) had actual and/or constructive notice of the aforesaid conditions

and/or activities and/or propensities and/or behaviors.

216.    Article 16 limitations on liability are not applicable herein.

217.    That by reason of the foregoing, plaintiff decedent GEOFFREY J. BREITKOPF has

a cause of action against the defendant(s) pursuant to New York General Obligations Law §11-106.

218.    That since the acts complained of herein occurred, plaintiff decedent became sick, sore, lame and disabled; that by reason of the said injuries plaintiff decedent, suffered conscious pain and suffering and death, will be unable to attend to his usual affairs and duties and plaintiff decedent, has lost and will lose diverse sums of money thereby and plaintiff decedent been otherwise damaged, said damages in the amount in excess of the jurisdictional limits of the lower Courts.

### THIRD CLAIM FOR RELIEF:
### NEGLIGENCE AGAINST DEFENDANT CAFARELLA

219.    Plaintiff(s) repeat, reiterate and reallege each and every allegation contained within paragraphs "1" - "218" of this Complaint with the same force and effect as if fully set forth at length herein.

220.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the above paragraphs inclusive of the First and Second Causes of Action, with the same force and effect as if set forth at length herein.

221.    On March 12, 2011, defendant JOHN CAFARELLA was not employed as a government official and/or agent.

222.    On March 12, 2011, defendant JOHN CAFARELLA was not employed as a peace and/or police officer.

223.    On March 12, 2011, defendant JOHN CAFARELLA impersonated a police officer.

224.    On March 12, 2011, defendant JOHN CAFARELLA impersonated a police officer at said premises.

225.    On March 12, 2011, defendant JOHN CAFARELLA impersonated a government official and/or agent.

226.    On March 12, 2011, defendant JOHN CAFARELLA acted without the proper authority and/or approval of a police department and/or governmental agency.

227.    On March 12, 2011, defendant JOHN CAFARELLA induced person(s) on or about said premises to submit to such pretended official authority or otherwise to act in reliance upon said pretense.

228.    On March 12, 2011, defendant JOHN CAFARELLA interfered and/or obstructed and/or impaired the administration of law and/or other governmental functions at said premises.

229.    On March 12, 2011, defendant JOHN CAFARELLA interfered and/or obstructed and/or impaired the administration of law and/or other governmental functions performed by the police officers at said premises.

230.    On March 12, 2011, defendant JOHN CAFARELLA prevented public servants, peace officers and police officers on or about said premises from performing their official functions.

231.    On March 12, 2011, defendant JOHN CAFARELLA actions directly and/or indirectly prevented the proper, safe and lawful arrest of decedent Anthony G. DiGeronimo.

232.    On March 12, 2011, defendant JOHN CAFARELLA directly and/or indirectly placed the public and/or other person(s) in reasonable fear of physical injury, serious physical injury and death.

233.    On March 12, 2011, defendant JOHN CAFARELLA directly and/or indirectly placed other person(s) on or about said premises in reasonable fear of physical injury, serious physical injury and death.

234.    On March 12, 2011, defendant JOHN CAFARELLA directly and/or indirectly placed peace and police officers in reasonable fear of physical injury, serious physical injury and death.

235.    On March 12, 2011, defendant JOHN CAFARELLA directly and/or indirectly placed decedent plaintiff in reasonable fear of physical injury, serious physical injury and death.

236.    On March 12, 2011, defendant JOHN CAFARELLA engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to the public and/or other person(s).

237.    On March 12, 2011, defendant JOHN CAFARELLA engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to person(s) on or about said premises.

238.    On March 12, 2011, defendant JOHN CAFARELLA engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to peace and police officers.

239.    On March 12, 2011, defendant JOHN CAFARELLA engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to decedent plaintiff.

240.    On March 12, 2011, defendant JOHN CAFARELLA engaged in conduct which created directly and/or indirectly created a grave risk of death to the public and/or other person(s).

241.    On March 12, 2011, defendant JOHN CAFARELLA engaged in conduct which created directly and/or indirectly created a grave risk of death to person(s) on or about said premises.

242.    On March 12, 2011, defendant JOHN CAFARELLA engaged in conduct which created directly and/or indirectly created a grave risk of death to peace and police officers.

243.    On March 12, 2011, defendant JOHN CAFARELLA engaged in conduct which created directly and/or indirectly created a grave risk of death to decedent plaintiff.

244.    On March 12, 2011, defendant JOHN CAFARELLA directly and/or indirectly caused physical injury, serious physical injury and death to the public and/or other person(s).

245.    On March 12, 2011, defendant JOHN CAFARELLA directly and/or indirectly caused physical injury, serious physical injury and death to person(s) on or about said premises.

246.    On March 12, 2011, defendant JOHN CAFARELLA directly and/or indirectly caused physical injury, serious physical injury and death to peace and police officers.

247.    On March 12, 2011, defendant JOHN CAFARELLA directly and/or indirectly caused physical injury, serious physical injury and death to decedent plaintiff.

248.    On March 12, 2011, defendant JOHN CAFARELLA was unlawfully in and about said premises.

249.    That at said place and time defendant JOHN CAFARELLA was on or about said premises without the proper authority and/or approval.

250.    On March 12, 2011, defendant JOHN CAFARELLA trespassed on or about said premises.

251.    On March 12, 2011, defendant JOHN CAFARELLA constructively trespassed on or about said premises.

252.    On March 12, 2011, defendant JOHN CAFARELLA improperly shouted warnings and/or instructions and/or orders to the public and/or other person(s)

253.    On March 12, 2011, defendant JOHN CAFARELLA improperly shouted warnings and/or instructions and/or orders to person(s) on or about said premises.

254.    On March 12, 2011, defendant JOHN CAFARELLA improperly shouted warnings and/or instructions and/or orders to peace and police officers at said premises.

255.    On March 12, 2011, defendant JOHN CAFARELLA improperly warned and/or instructed and/or ordered the public and/or other person(s).

256.    On March 12, 2011, defendant JOHN CAFARELLA improperly warned and/or instructed and/or ordered person(s) on or about said premises.

257.    On March 12, 2011, defendant JOHN CAFARELLA improperly warned and/or instructed and/or ordered peace and police officers at said premises.

258.    On information and belief, at all times relevant, defendant JOHN CAFARELLA'S improper warnings and/or instructions and/or orders caused a panic.

259.    On March 12, 2011, defendant JOHN CAFARELLA'S improper warnings and/or instructions and/or orders directly and/or indirectly placed other person(s) on or about said premises in reasonable fear of physical injury, serious physical injury and death.

260.    On March 12, 2011, defendant JOHN CAFARELLA'S improper warnings and/or instructions and/or orders directly and/or indirectly placed the public and/or other person(s) in reasonable fear of physical injury, serious physical injury and death.

261.    On March 12, 2011, defendant JOHN CAFARELLA'S improper warnings and/or instructions and/or orders directly and/or indirectly placed peace and police officers on or about said premises in reasonable fear of physical injury, serious physical injury and death.

262.    On March 12, 2011, defendant JOHN CAFARELLA'S improper warnings and/or instructions and/or orders directly and/or indirectly placed decedent plaintiff in reasonable fear of physical injury, serious physical injury and death.

263.    On March 12, 2011, defendant JOHN CAFARELLA'S improper warnings and/or instructions and/or orders directly and/or indirectly caused physical injury, serious physical injury and death to the public and/or other person(s).

264.   On March 12, 2011, defendant JOHN CAFARELLA'S improper warnings and/or instructions and/or orders directly and/or indirectly caused physical injury, serious physical injury and death to person(s) on or about said premises.

265.   On March 12, 2011, defendant JOHN CAFARELLA'S improper warnings and/or instructions and/or orders directly and/or indirectly caused physical injury, serious physical injury and death to peace and police officers.

266.   On March 12, 2011, defendant JOHN CAFARELLA'S improper warnings and/or instructions and/or orders directly and/or indirectly caused physical injury, serious physical injury and death to decedent plaintiff.

267.   On information and belief, at all times relevant, plaintiff decedent GEOFFREY J. BREITKOPF was employed as a Nassau County Police Officer.

268.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., plaintiff decedent GEOFFREY J. BREITKOPF was upon said premises.

269.   On or about the 12th day of March 2011, at approximately 8:20 p.m., plaintiff decedent GEOFFREY J. BREITKOPF was upon said premises in his official capacity as a Nassau County Police Officer.

270.   That at said place and time plaintiff decedent GEOFFREY J. BREITKOPF was lawfully in and about said premises.

271.   At all times hereinafter mentioned, plaintiff decedent GEOFFREY J. BREITKOPF's presence upon said premises was foreseeable.

272.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., plaintiff decedent GEOFFREY J. BREITKOPF was upon said premises, as a result of the negligence and/or

the recklessness of defendants, jointly and/or severally with co-defendants, their agents, servants and/or employees.

273.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., while plaintiff decedent GEOFFREY J. BREITKOPF was upon said premises, plaintiff decedent was caused to sustain serious physical injury and death as hereinafter alleged.

274.    The occurrence hereinabove described was caused solely and wholly through the carelessness, negligence and recklessness of the defendant JOHN CAFARELLA, jointly and/or severally with co-defendants, their agents, servants and/or employees:  in interfering, obstructing and/or impairing governmental administration; in impersonating a police officer;  in preventing public servants, peace officers and police officers on or about said premises from performing their official functions; in creating a dangerous and/or deadly situation;  in creating a panic; in acting without proper and/or legal authority;  in improperly acting without the authority and/or approval of a police department; in directly and/or indirectly obstructing the discovery and/or apprehension of decedent Anthony G. DiGeronimo; in failing to properly inspect;  in failing to warn of the dangerous and/or illegal and/or deadly conditions existing thereat;  in failing to warn the public; in failing to give any warning to signal of said dangerous and/or unsafe and/or illegal and/or deadly conditions, activities, propensities and/or behaviors; in failing to take suitable, proper and/or reasonable precautions for the safety of persons on or about said premises; in failing to take suitable, proper and/or reasonable precautions for the safety of the public; in failing to comply with any lawful order(s) and/or or direction(s) of police officer(s);  in menacing; in acting with a depraved indifference to human life; in engaging in conduct which directly and/or indirectly created a substantial and/or grave risk of physical injury, serious physical injury and death to the public, plaintiff decedent, persons on or about said premises and to peace and police officers;  in

directly and/or indirectly placing the public, plaintiff decedent, persons on or about said premises and peace and police officers in reasonable fear of physical injury, serious physical injury and death; in trespassing on or about said premises; in constructively trespassing on or about said premises; in engaging in conduct that directly and/or indirectly caused physical injury, psychological injury, serious physical injury and death to the public, persons on or about said premises, plaintiff decedent and to peace and police officers; in directly and/or indirectly placing and/or exposing the public to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing and/or exposing the plaintiff decedent to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing and/or exposing persons on or about said premises to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing and/or exposing peace and police officers to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing the public in a position of peril; in directly and/or indirectly placing the plaintiff decedent in a position of peril; in directly and/or indirectly placing persons on or about said premises in a position of peril; in directly and/or indirectly placing peace and police officers in a position of peril; in directly and/or indirectly exposing the public, peace and police officers, plaintiff decedent and persons on or about said premises to danger; in hindering the prosecution of decedent Anthony G. DiGeronimo; in directing law enforcement personnel to discharge a weapon upon the plaintiff decedent; in engaging in conduct likely to cause law enforcement personnel to discharge a weapon upon the plaintiff decedent; in recklessly engaging in conduct likely to cause law enforcement personnel to discharge a weapon upon the plaintiff decedent; in failing and/or refusing to aid a peace or police officer; and in failing to use due care and caution under the circumstances; in violating N.Y.S. Penal Law Sections 20.0, 105.05(1), 105.10(1), 105.15, 115.00, 115.00(1), 115.01, 115.05, 120.00, 120.00(1), 120.00(2), 120.00(3),

120.05, 120.10, 120.10(1), 120.10(2), 120.10(3), 120.10(4), 120.11, 120.13, 120.14, 120.14(1),

120.14(2), 120.15, 120.18, 120.20, 120.25, 125.10, 125.11, 125.15(1), 125.20, 125.20(1), 125.20(2),

125.22, 125.22(1), 125.22(2), 125.25, 125.25(1), 125.25(2), 125.25(3), 125.26, 125.26(1), 125.27,

125.27(1), 125.27(1)(a)(ii), 140.00, 140.05, 140.10, 140.15, 140.17, 140.20, 140.25, 140.30, 145.00,

145.05, 145.10, 145.14, 145.25, 190.23, 190.25, 190.25(1), 190.25(2), 190.25(3), 190.26, 190.26(1),

190.26(2), 190.26(3), 195.05, 195.10, 205.50, 205.55, 205.60, 205.65, 265.01, 265.01(1), 265.01(2),

265.02, 265.02(1), 265.02(2), 265.02(7); and in violating 42 U.S.C. §1983 and 42 U.S.C. §1988.

     275.    The defendant(s) had actual and/or constructive notice of the aforesaid conditions
and/or activities and/or propensities and/or behaviors.

     276.    Article 16 limitations on liability are not applicable herein.

     277.    That by reason of the foregoing, plaintiff decedent GEOFFREY J. BREITKOPF has
a cause of action against the defendant(s) pursuant to New York General Obligations Law §11-106.

     278.    That since the acts complained of herein occurred, plaintiff decedent became sick,
sore, lame and disabled; that by reason of the said injuries plaintiff decedent, suffered conscious
pain and suffering and death, will be unable to attend to his usual affairs and duties and plaintiff
decedent, has lost and will lose diverse sums of money thereby and plaintiff decedent been
otherwise damaged, said damages in the amount in excess of the jurisdictional limits of the lower
Courts.

**FOURTH CLAIM FOR RELIEF:**
**NEGLIGENCE, RECKLESSNESS AND/OR UNLAWFUL CONDDUCT**
**AGAINST DEFENDANTS MTA, POLICE, GENTILE, RAMOS, and**
**JOHN DOE, BELIEVED TO BE A METROPOLITAN**
**TRANSPORTATION AUTHORITY EMPLOYEE**

279.    Plaintiff(s) repeat, reiterate and reallege each and every allegation contained within paragraphs "1" - "278" of this Complaint with the same force and effect as if fully set forth at length herein.

280.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the above paragraphs inclusive of the First, Second and Third Causes of Action, with the same force and effect as if set forth at length herein.

281.    Upon information and belief, at the time of the subject incident, defendant GENTILE was employed by defendant MTA.

282.    Upon information and belief, at the time of the subject incident, defendant GENTILE was an agent and/or servant of defendant MTA.

283.    Upon information and belief, at the time of the subject incident, defendant GENTILE was employed by defendant POLICE.

284.    Upon information and belief, at the time of the subject incident, defendant GENTILE was an agent and/or servant of defendant POLICE.

285.    Upon information and belief, at the time of the subject incident, defendant GENTILE was acting on behalf of defendant MTA.

286.    Upon information and belief, at the time of the subject incident, defendant GENTILE was acting on behalf of defendant POLICE.

287.    On March 12, 2011, defendant GENTILE acted outside the physical jurisdiction of his authority.

288.    On March 12, 2011, defendant GENTILE interfered and/or obstructed and/or impaired the administration of law and/or other governmental functions at said premises.

289.    On March 12, 2011, defendant GENTILE interfered and/or obstructed and/or impaired the administration of law and/or other governmental functions performed by the peace and/or police officers at said premises.

290.    On March 12, 2011, defendant GENTILE prevented public servants, peace officers and police officers on or about said premises from performing their official functions.

291.    On March 12, 2011, defendant GENTILE directly and/or indirectly placed the public and/or other person(s) in reasonable fear of physical injury, serious physical injury and death.

292.    On March 12, 2011, defendant GENTILE directly and/or indirectly placed other person(s) on or about said premises in reasonable fear of physical injury, serious physical injury and death.

293.    On March 12, 2011, defendant GENTILE directly and/or indirectly placed peace and police officers in reasonable fear of physical injury, serious physical injury and death.

294.    On March 12, 2011, defendant GENTILE directly and/or indirectly placed decedent plaintiff in reasonable fear of physical injury, serious physical injury and death.

295.    On March 12, 2011, defendant GENTILE engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to the public and/or other person(s).

296.    On March 12, 2011, defendant GENTILE engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to person(s) on or about said premises.

297. On March 12, 2011, defendant GENTILE engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to peace and police officers.

298. On March 12, 2011, defendant GENTILE engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to decedent plaintiff.

299. On March 12, 2011, defendant GENTILE engaged in conduct which created directly and/or indirectly created a grave risk of death to the public and/or other person(s).

300. On March 12, 2011, defendant GENTILE engaged in conduct which created directly and/or indirectly created a grave risk of death to person(s) on or about said premises.

301. On March 12, 2011, defendant GENTILE engaged in conduct which created directly and/or indirectly created a grave risk of death to peace and police officers.

302. On March 12, 2011, defendant GENTILE engaged in conduct which created directly and/or indirectly created a grave risk of death to decedent plaintiff.

303. On March 12, 2011, defendant GENTILE directly and/or indirectly caused physical injury, serious physical injury and death to the public and/or other person(s).

304. On March 12, 2011, defendant GENTILE directly and/or indirectly caused physical injury, serious physical injury and death to person(s) on or about said premises.

305. On March 12, 2011, defendant GENTILE directly and/or indirectly caused physical injury, serious physical injury and death to peace and police officers.

306. On March 12, 2011, defendant GENTILE directly and/or indirectly caused physical injury, serious physical injury and death to decedent plaintiff.

307. Upon information and belief, at the time of the subject incident, defendant RAMOS was employed by defendant MTA.

308.    Upon information and belief, at the time of the subject incident, defendant RAMOS was an agent and/or servant of defendant MTA.

309.    Upon information and belief, at the time of the subject incident, defendant RAMOS was employed by defendant POLICE.

310.    Upon information and belief, at the time of the subject incident, defendant RAMOS was an agent and/or servant of defendant POLICE.

311.    Upon information and belief, at the time of the subject incident, defendant RAMOS was acting on behalf of defendant MTA.

312.    Upon information and belief, at the time of the subject incident, defendant RAMOS was acting on behalf of defendant POLICE.

313.    On March 12, 2011, defendant RAMOS acted outside the physical jurisdiction of his authority.

314.    On March 12, 2011, defendant RAMOS interfered and/or obstructed and/or impaired the administration of law and/or other governmental functions at said premises.

315.    On March 12, 2011, defendant RAMOS interfered and/or obstructed and/or impaired the administration of law and/or other governmental functions performed by the police officers at said premises.

316.    On March 12, 2011, defendant RAMOS prevented public servants, peace officers and police officers on or about said premises from performing their official functions.

317.    On March 12, 2011, defendant RAMOS directly and/or indirectly placed the public and/or other person(s) in reasonable fear of physical injury, serious physical injury and death.

318.    On March 12, 2011, defendant RAMOS directly and/or indirectly placed other person(s) on or about said premises in reasonable fear of physical injury, serious physical injury and death.

319.    On March 12, 2011, defendant RAMOS directly and/or indirectly placed peace and police officers in reasonable fear of physical injury, serious physical injury and death.

320.    On March 12, 2011, defendant RAMOS directly and/or indirectly placed decedent plaintiff in reasonable fear of physical injury, serious physical injury and death.

321.    On March 12, 2011, defendant RAMOS engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to the public and/or other person(s).

322.    On March 12, 2011, defendant RAMOS engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to person(s) on or about said premises.

323.    On March 12, 2011, defendant RAMOS engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to peace and police officers.

324.    On March 12, 2011, defendant RAMOS engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to decedent plaintiff.

325.    On March 12, 2011, defendant RAMOS engaged in conduct which created directly and/or indirectly created a grave risk of death to the public and/or other person(s).

326.    On March 12, 2011, defendant RAMOS engaged in conduct which created directly and/or indirectly created a grave risk of death to person(s) on or about said premises.

327.    On March 12, 2011, defendant RAMOS engaged in conduct which created directly and/or indirectly created a grave risk of death to peace and police officers.

328.   On March 12, 2011, defendant RAMOS engaged in conduct which created directly and/or indirectly created a grave risk of death to decedent plaintiff.

329.   On March 12, 2011, defendant RAMOS directly and/or indirectly caused physical injury, serious physical injury and death to the public and/or other person(s).

330.   On March 12, 2011, defendant RAMOS directly and/or indirectly caused physical injury, serious physical injury and death to person(s) on or about said premises.

331.   On March 12, 2011, defendant RAMOS directly and/or indirectly caused physical injury, serious physical injury and death to peace and police officers.

332.   On March 12, 2011, defendant RAMOS directly and/or indirectly caused physical injury, serious physical injury and death to decedent plaintiff.

333.   Upon information and belief, at the time of the subject incident, defendant JOHN DOE was employed by defendant MTA.

334.   Upon information and belief, at the time of the subject incident, defendant JOHN DOE was an agent and/or servant of defendant MTA.

335.   Upon information and belief, at the time of the subject incident, defendant JOHN DOE was employed by defendant POLICE.

336.   Upon information and belief, at the time of the subject incident, defendant JOHN DOE was an agent and/or servant of defendant POLICE.

337.   Upon information and belief, at the time of the subject incident, defendant JOHN DOE was acting on behalf of defendant MTA.

338.   Upon information and belief, at the time of the subject incident, defendant JOHN DOE was acting on behalf of defendant POLICE.

339.    Upon information and belief, at the time of the subject incident, defendant JOHN DOE was a supervisor of defendant GENTILE.

340.    Upon information and belief, at the time of the subject incident, defendant JOHN DOE was a supervisor of defendant RAMOS.

341.    Upon information and belief, on March 12, 2011, defendant JOHN DOE directed GENTILE to respond to the aforesaid premises.

342.    Upon information and belief, on March 12, 2011, defendant JOHN DOE directed RAMOS to respond to the aforesaid premises.

343.    On March 12, 2011, defendant JOHN DOE acted outside the physical jurisdiction of his authority.

344.    On March 12, 2011, defendant JOHN DOE interfered and/or obstructed and/or impaired the administration of law and/or other governmental functions at said premises.

345.    On March 12, 2011, defendant JOHN DOE interfered and/or obstructed and/or impaired the administration of law and/or other governmental functions performed by the police officers at said premises.

346.    On March 12, 2011, defendant JOHN DOE prevented public servants, peace officers and police officers on or about said premises from performing their official functions.

347.    On March 12, 2011, defendant JOHN DOE directly and/or indirectly placed the public and/or other person(s) in reasonable fear of physical injury, serious physical injury and death.

348.    On March 12, 2011, defendant JOHN DOE directly and/or indirectly placed other person(s) on or about said premises in reasonable fear of physical injury, serious physical injury and death.

349.   On March 12, 2011, defendant JOHN DOE directly and/or indirectly placed peace and police officers in reasonable fear of physical injury, serious physical injury and death.

350.   On March 12, 2011, defendant JOHN DOE directly and/or indirectly placed decedent plaintiff in reasonable fear of physical injury, serious physical injury and death.

351.   On March 12, 2011, defendant JOHN DOE engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to the public and/or other person(s).

352.   On March 12, 2011, defendant JOHN DOE engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to person(s) on or about said premises.

353.   On March 12, 2011, defendant JOHN DOE engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to peace and police officers.

354.   On March 12, 2011, defendant JOHN DOE engaged in conduct which directly and/or indirectly created a substantial risk of serious physical injury and death to decedent plaintiff.

355.   On March 12, 2011, defendant JOHN DOE engaged in conduct which created directly and/or indirectly created a grave risk of death to the public and/or other person(s).

356.   On March 12, 2011, defendant JOHN DOE engaged in conduct which created directly and/or indirectly created a grave risk of death to person(s) on or about said premises.

357.   On March 12, 2011, defendant JOHN DOE engaged in conduct which created directly and/or indirectly created a grave risk of death to peace and police officers.

358.   On March 12, 2011, defendant JOHN DOE engaged in conduct which created directly and/or indirectly created a grave risk of death to decedent plaintiff.

359.    On March 12, 2011, defendant JOHN DOE directly and/or indirectly caused physical injury, serious physical injury and death to the public and/or other person(s).

360.    On March 12, 2011, defendant JOHN DOE directly and/or indirectly caused physical injury, serious physical injury and death to person(s) on or about said premises.

361.    On March 12, 2011, defendant JOHN DOE directly and/or indirectly caused physical injury, serious physical injury and death to peace and police officers.

362.    On March 12, 2011, defendant JOHN DOE directly and/or indirectly caused physical injury, serious physical injury and death to decedent plaintiff.

363.    On March 12, 2011, defendant JOHN DOE supervised defendant GENTILE.

364.    On March 12, 2011, defendant JOHN DOE directed the actions of defendant GENTILE.

365.    On March 12, 2011, defendant JOHN DOE supervised defendant RAMOS.

366.    On March 12, 2011, defendant JOHN DOE directed the actions of defendant RAMOS.

367.    On information and belief, at all times relevant, plaintiff decedent GEOFFREY J. BREITKOPF was employed as a Nassau County Police Officer.

368.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., plaintiff decedent GEOFFREY J. BREITKOPF was upon said premises.

369.    On or about the 12th day of March 2011, at approximately 8:20 p.m., plaintiff decedent GEOFFREY J. BREITKOPF was upon said premises in his official capacity as a Nassau County Police Officer.

370.    That at said place and time plaintiff decedent GEOFFREY J. BREITKOPF was lawfully in and about said premises.

371.    At all times hereinafter mentioned, plaintiff decedent GEOFFREY J. BREITKOPF's presence upon said premises was foreseeable.

372.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., plaintiff decedent GEOFFREY J. BREITKOPF was upon said premises, as a result of the negligence and/or the recklessness of defendants, jointly and/or severally with co-defendants, their agents, servants and/or employees.

373.    On March 12, 2011, defendant GENTILE was carrying a weapon.

374.    On March 12, 2011, defendant GENTILE was unlawfully and/or improperly carrying a weapon.

375.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE assaulted plaintiff decedent GEOFFREY J. BREITKOPF at said premises.

376.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE committed battery upon plaintiff decedent GEOFFREY J. BREITKOPF at said premises.

377.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE came into physical contact with plaintiff decedent GEOFFREY J. BREITKOPF at said premises.

378.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE made offensive contact with plaintiff decedent without privilege or consent.

379.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE discharged his weapon at said premises.

380.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE discharged his weapon without justification.

381.     On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE discharged his weapon without proper and/or sufficient and/or lawful justification.

382.     On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE discharged his weapon at plaintiff decedent GEOFFREY J. BREITKOPF.

383.     On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE discharged his weapon at plaintiff decedent GEOFFREY J. BREITKOPF without justification.

384.     On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE discharged his weapon at plaintiff decedent GEOFFREY J. BREITKOPF without proper and/or sufficient and/or lawful justification.

385.     On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE unreasonably discharged his weapon at plaintiff decedent GEOFFREY J. BREITKOPF.

386.     On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE unreasonably used physical and/or deadly force.

387.     On March 12, 2011, defendant RAMOS was carrying a weapon.

388.     On March 12, 2011, defendant RAMOS was unlawfully and/or improperly carrying a weapon.

389.     On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS assaulted plaintiff decedent GEOFFREY J. BREITKOPF at said premises.

390.     On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS committed battery upon plaintiff decedent GEOFFREY J. BREITKOPF at said premises.

391.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS came into physical contact with plaintiff decedent GEOFFREY J. BREITKOPF at said premises.

392.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS made offensive contact with plaintiff decedent without privilege or consent.

393.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS discharged his weapon at said premises.

394.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS discharged his weapon without justification.

395.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE recklessly discharged his weapon.

396.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE recklessly discharged his weapon on or about said premises.

397.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE recklessly discharged his weapon without proper and/or sufficient and/or lawful justification.

398.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE recklessly discharged his weapon at plaintiff decedent GEOFFREY J. BREITKOPF.

399.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE recklessly discharged his weapon at plaintiff decedent GEOFFREY J. BREITKOPF without justification.

400.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE recklessly used physical and/or deadly force.

401.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant GENTILE discharged his weapon with depraved indifference.

402.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS recklessly discharged his weapon.

403.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS recklessly discharged his weapon on or about said premises.

404.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS recklessly discharged his weapon without proper and/or sufficient and/or lawful justification.

405.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS recklessly discharged his weapon at plaintiff decedent GEOFFREY J. BREITKOPF.

406.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS recklessly discharged his weapon at plaintiff decedent GEOFFREY J. BREITKOPF without justification.

407.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS recklessly used physical and/or deadly force.

408.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS discharged his weapon with depraved indifference.

409.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS discharged his weapon without proper and/or sufficient and/or lawful justification.

410.   On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant RAMOS discharged his weapon at plaintiff decedent GEOFFREY J. BREITKOPF.

411.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant

RAMOS unreasonably discharged his weapon at plaintiff decedent GEOFFREY J. BREITKOPF.

412.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant

RAMOS discharged his weapon at plaintiff decedent GEOFFREY J. BREITKOPF without

justification.

413.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant

RAMOS discharged his weapon at plaintiff decedent GEOFFREY J. BREITKOPF without proper

and/or sufficient and/or lawful justification.

414.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., defendant

RAMOS unreasonably used physical and/or deadly force.

415.    On or about the 12th day of March, 2011, at approximately 8:20 p.m., while plaintiff

decedent GEOFFREY J. BREITKOPF was upon said premises, plaintiff decedent was caused to

sustain serious physical injury and death caused by the actions of defendants, jointly and/or

severally with co-defendants, their agents, servants and/or employees.

416.    The occurrence hereinabove described was caused solely and wholly through the

carelessness, negligence and recklessness of the defendants GENTILE, RAMOS, JOHN DOE,

MTA and POLICE, jointly and/or severally with co-defendants, their agents, servants and/or

employees:  in causing serious physical injury and death to decedent GEOFFREY J.

BREITKOPF;  in acting with depraved indifference to human life; in using excessive and deadly

force;  in using excessive and deadly force without justification;  in performing their duties outside

their jurisdiction;  in failing to take necessary steps and measures to prevent the subject incident

from occurring; in failing to identify themselves to the decedent;  in creating a dangerous and/or

unsafe situation to develop and exist; in failing to take suitable and proper precautions for the

safety of persons; in failing to properly and thoroughly investigate and evaluate the facts and circumstances herein; in acting without probable cause; in committing assault and battery upon plaintiff decedent; in offensively contacting plaintiff decedent; in interfering, obstructing and/or impairing governmental administration; in preventing public servants, peace officers and police officers on or about said premises from performing their official functions; in improperly acting without the authority and/or approval of a police department; in acting without reasonable suspicion; in failing to provide any warning; in failing to provide a sufficient warning; in failing to properly supervise and/or direct; in failing to act reasonably under the circumstances; in violating the applicable statutes, rules, regulations, procedures and ordinances; in failing to follow acceptable police practice, guidelines and procedures; in affirmatively directly law enforcement personnel to respond to a situation that their presence was not necessary; failed to utilize stun guns and/or less lethal instruments and/or weapons; failed to utilize less lethal methods in their response; in improperly directing the defendants to respond to the aforesaid premises; in failing to use due care and caution under the circumstances; and in violating the following sections of the N.Y.S. Penal Law: 20.00, 35.05, 35.10, 35.15, 35.20, 35. 25, 35.27, 35.30, 105.05(1), 105.10(1), 105.15, 115.00, 115.00(1), 115.01, 115.05, 120.00, 120.00(1), 120.0(2) 120.00(3), 120.05, 120.10, 120.10(1), 120.10(2), 120.10(3), 120.10(4), 120.11, 120.13, 120.14, 120.14(1), 120.14(2), 120.15, 120.18, 120.20, 120.25, 125.00, 125.10, 125.11, 125.15, 125.15(1), 125.20, 125.20(1), 125.20(2), 125.21, 125.22, 125.22(1), 125.22(s), 125.25, 125.25(1), 125.25(2), 125.25(3), 125.26, 125.26(1), 125.27, 125.27(1), 125.27(1)(a)(ii), 140.00, 140.05, 140.10, 140.15, 140.17, 190.23, 190.25, 190.25(1) 190.25(2) 190.25(3), 190.26, 190.26(1), 190.26(2), 190.26(3), 195.00, 195.05, 195.10, 265.03(1)(b), 265.35; and in violating 42 U.S.C. §1983 and 42 U.S.C. §1988.

417.    The defendant(s) had actual and/or constructive notice of the aforesaid conditions and/or activities and/or propensities and/or behaviors.

418.    Article 16 limitations on liability are not applicable herein.

419.    That by reason of the foregoing, plaintiff decedent GEOFFREY J. BREITKOPF has a cause of action against the defendant(s) pursuant to New York General Obligations Law §11-106.

420.    That since the acts complained of herein occurred, plaintiff decedent became sick, sore, lame and disabled; that by reason of the said injuries plaintiff decedent, suffered conscious pain and suffering and death, will be unable to attend to his usual affairs and duties and plaintiff decedent, has lost and will lose diverse sums of money thereby and plaintiff decedent been otherwise damaged, said damages in the amount in excess of the jurisdictional limits of the lower Courts.

**FOURTH CLAIM FOR RELIEF:**
**NEGLIGENT HIRING, SUPERVISION AND RETENTION AGAINST**
**DEFENDANTS MTA, POLICE and JOHN DOE, BELIEVED TO BE A METROPOLITAN**
**TRANSPORTATION AUTHORITY EMPLOYEE**

421.    Plaintiff(s) repeat, reiterate and reallege each and every allegation contained within paragraphs "1" - "420" of this Complaint with the same force and effect as if fully set forth at length herein.

422.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the above paragraphs inclusive of the First, Second and Third Causes of Action, with the same force and effect as if set forth at length herein.

423.    At all times relevant, defendant MTA controlled the hiring of their agents, servants and/or employees.

424.    At all times relevant, defendant MTA supervised the hiring of their agents, servants and/or employees.

425.    At all times relevant, defendant MTA had the responsibility to supervise their agents, servants and/or employees.

426.    At all times relevant, defendant MTA controlled the hiring of their agents, servants and/or employees.

427.    At all times relevant, defendant MTA had the responsibility to control their agents, servants and/or employees.

428.    At all times relevant, defendant POLICE supervised the hiring of their agents, servants and/or employees.

429.    At all times relevant, defendant POLICE controlled the hiring of their agents, servants and/or employees.

430.    At all times relevant, defendant POLICE had the responsibility to control their agents, servants and/or employees.

431.    At all times relevant, defendant POLICE had the responsibility to supervise their agents, servants and/or employees.

432.    At all times relevant, defendant JOHN DOE supervised the hiring of their agents, servants and/or employees.

433.    At all times relevant, defendant JOHN DOE controlled the hiring of their agents, servants and/or employees.

434.    At all times relevant, defendant JOHN DOE had the responsibility to control their agents, servants and/or employees.

435.    At all times relevant, defendant JOHN DOE had the responsibility to supervise their agents, servants and/or employees.

436.    The occurrence hereinabove described was caused solely and wholly through the carelessness and negligence of the defendants JOHN DOE, MTA and POLICE, jointly and/or severally with co-defendants, their agents, servants and/or employees: in causing serious physical injury and death to decedent GEOFFREY J. BREITKOPF; in failing to properly hire, monitor, train, control and supervise their agents servants and/or employees; in failing to properly screen and evaluate their potential servants, agents, and/or employees; in failing to properly re-evaluate their servants, agents, and/or employees; in negligently retaining said agents, servants and/or employees; in failing to conduct an investigation concerning said agents, servants and/or employees; in failing to use reasonable care to correct or remove said agents, servants and/or employees; in failing to draft, enforce, and/or follow reasonable and adequate guidelines, rules and/or procedures; in violating their own guidelines, procedures and/or rules, in failing to act reasonably under the circumstances.

437.    The defendants had actual and/or constructive notice of the aforesaid conditions and/or behaviors and/or performance of their employees, agents and/or servants.

438.    The injuries to the plaintiff decedent were caused solely by the actions of the defendants.

439.    Article 16 limitations on liability are not applicable to this incident.

440.    That since the acts complained of herein occurred, plaintiff decedent became sick, sore, lame and disabled; that by reason of the said injuries plaintiff decedent, suffered conscious pain and suffering and death, will be unable to attend to his usual affairs and duties and plaintiff decedent, has lost and will lose diverse sums of money thereby and plaintiff decedent been

otherwise damaged, said damages in the amount in excess of the jurisdictional limits of the lower Courts.

## FIFTH CLAIM FOR RELIEF:
### WRONGFUL DEATH

441.    Plaintiff(s) repeat, reiterate and reallege each and every allegation contained within paragraphs "1" - "440" of this Complaint with the same force and effect as if fully set forth at length herein.

442.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the above paragraphs inclusive of the First, Second, Third and Fourth Causes of Action, with the same force and effect as if set forth at length herein.

443.    As a result of the foregoing, plaintiff decedent GEOFFREY J. BREITKOPF died on March 12, 2011.

444.    The death of plaintiff decedent GEOFFREY J. BREITKOPF was a result of the injuries sustained by the aforesaid incident and negligence of the defendants as described above.

445.    Prior to the occurrence herein, plaintiff decedent GEOFFREY J. BREITKOPF was in good health.

446.    As a result of the foregoing, plaintiff decedent GEOFFREY J. BREITKOPF left surviving next of kin, issue and distributees who have been deprived of his maintenance, contribution and care.

447.    As a result of the foregoing, the issue, heirs-at-law and next of kin of plaintiff decedent GEOFFREY J. BREITKOPF have been damaged.

448.    That the amount of damages sought by the plaintiff-decedent exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

449.    That since the acts complained of herein occurred, plaintiff decedent became sick, sore, lame and disabled; that by reason of the said injuries plaintiff decedent, suffered conscious pain and suffering and death, will be unable to attend to his usual affairs and duties and plaintiff decedent, has lost and will lose diverse sums of money thereby and plaintiff decedent been otherwise damaged, said damages in the amount in excess of the jurisdictional limits of the lower Courts.

## SIXTH CLAIM FOR RELIEF:
## DEPRIVATION OF RIGHTS UNDER 42 U.S.C. 1983

450.    Plaintiff(s) repeat, reiterate and reallege each and every allegation contained within paragraphs "1" - "449" of this Complaint with the same force and effect as if fully set forth at length herein.

451.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the above paragraphs inclusive of the First, Second, Third, Fourth and Fifth Causes of Action, with the same force and effect as if set forth at length herein.

452.    All of the aforementioned acts of the defendants GENTILE, RAMOS, JOHN DOE, MTA, POLICE and their agents, servants and employees were carried out under the color of state law.

453.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal/authority, which is forbidden by the Constitution of the United States of America.

454.    All of the aforementioned acts deprived plaintiff decedent of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C.1983.

455.    The acts complained of were carried out by the aforementioned defendants in their capacities as police officers with actual and/or apparent authority attendant thereto.

456.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the defendant MTA and POLICE, all under the supervision of ranking officers of said department.

457.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal/authority, which is forbidden by the Constitution of the United States of America.

458.    That since the acts complained of herein occurred, plaintiff decedent became sick, sore, lame and disabled; that by reason of the said injuries plaintiff decedent, suffered conscious pain and suffering and death, will be unable to attend to his usual affairs and duties and plaintiff decedent, has lost and will lose diverse sums of money thereby and plaintiff decedent been otherwise damaged, said damages in the amount in excess of the jurisdictional limits of the lower Courts.

**SEVENTH CLAIM FOR RELIEF:**
**EXCESSIVE AND DEADLY FORCE UNDER 42 U.S.C. 1983**

459.    Plaintiff(s) repeat, reiterate and reallege each and every allegation contained within paragraphs "1" - "458" of this Complaint with the same force and effect as if fully set forth at length herein.

460.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the above paragraphs inclusive of the First, Second, Third, Fourth, Fifth and Sixth Causes of Action, with the same force and effect as if set forth at length herein.

461. All of the aforementioned acts of the defendants GENTILE, RAMOS, JOHN DOE, MTA, POLICE and their agents, servants and employees were carried out under the color of state law.

462. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal agency/authority, which is forbidden by the Constitution of the United States of America.

463. The level of force employed by the defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff decedent's constitutional rights.

464. As a result of the aforementioned conduct of the defendants GENTILE, RAMOS, JOHN DOE, MTA and POLICE, plaintiff decedent was subjected to excessive force, sustained physical injuries and subsequent death.

465. That the foregoing constitutes a violation of plaintiff decedent's civil rights pursuant to 42 U.S.C §1983.

466. That defendants GENTILE, RAMOS, JOHN DOE, MTA and POLICE are liable pursuant to 42 U.S.C §1983 for maintaining a policy, practice and custom of unreasonably subjecting person to excessive and deadly force, in violation of the Fourth and Fourteenth Amendments to the United State Constitution.

467. That since the acts complained of herein occurred, plaintiff decedent became sick, sore, lame and disabled; that by reason of the said injuries plaintiff decedent, suffered conscious pain and suffering and death, will be unable to attend to his usual affairs and duties and plaintiff decedent, has lost and will lose diverse sums of money thereby and plaintiff decedent been otherwise damaged, said damages in the amount in excess of the jurisdictional limits of the lower Courts.

**EIGHTH CLAIM FOR RELIEF:**
**LIABILITY FOR HIRING, SUPERVISION AND RETENTION**
**UNDER 42 U.S.C. 1983**

468.  Plaintiff(s) repeat, reiterate and reallege each and every allegation contained within paragraphs "1" - "467" of this Complaint with the same force and effect as if fully set forth at length herein.

469.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the above paragraphs inclusive of the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action, with the same force and effect as if set forth at length herein.

470.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal agency/authority, which is forbidden by the Constitution of the United States.

471.  The aforementioned customs, policies, usages, practices, procedures and rules of defendants MTA and POLICE included, but were not limited to, a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff decedent's rights as described herein.

472.  As a result of the failure of defendants MTA and POLICE to properly recruit, screen, train, discipline, and supervise its officers, including defendants GENTILE, RAMOS and JOHN DOE, defendants MTA and POLICE has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

473.  The foregoing customs, policies, usages, practices, procedures and rules of defendants MTA and POLICE constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiff decedent.

474. The foregoing customs, policies, usages, practices, procedures and rules of defendants MTA and POLICE were the direct and proximate cause of the constitutional violations suffered by plaintiff decedent as alleged herein.

475. The foregoing customs, policies, usages, practices, procedures and rules of defendants MTA and POLICE were the moving force behind the constitutional violations suffered by the plaintiff decedent herein.

476. All of the foregoing acts by defendants deprived plaintiff decedent of federally protected rights, including, but not limited to, the right to be free from the use of excessive force and/or the failure to intervene.

477. That since the acts complained of herein occurred, plaintiff decedent became sick, sore, lame and disabled; that by reason of the said injuries plaintiff decedent, suffered conscious pain and suffering and death, will be unable to attend to his usual affairs and duties and plaintiff decedent, has lost and will lose diverse sums of money thereby and plaintiff decedent been otherwise damaged, said damages in the amount in excess of the jurisdictional limits of the lower Courts.

478. As a result of the foregoing, plaintiff decedent is entitled to compensatory damages in an amount fixed by a jury, and it is further entitled to punitive damages against the defendants in an amount to be fixed by a jury.

## NINTH CLAIM FOR RELIEF:
## GENERAL MUNICIPAL LAW SECTION 205-e

479. Plaintiff(s) repeat, reiterate and reallege each and every allegation contained within paragraphs "1" - "478" of this Complaint with the same force and effect as if fully set forth at length herein.