480. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the above paragraphs inclusive of the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action, with the same force and effect as if set forth at length herein.

481. At all times hereinafter mentioned, plaintiff decedent GEOFFREY J. BREITKOPF was employed as a police officer with the Nassau County Police Department.

482. At the time of the subject incident, plaintiff decedent GEOFFREY J. BREITKOPF was injured and died during the performance of his duties with the Nassau County Police Department.

483. That at all times hereinafter mentioned, Section 205-e of the General Municipal Law of the State of New York provides as follows:

Right of action to certain injured or representatives of certain deceased police officers. In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury ... occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or any and all of their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury or death shall be liable to pay any officer ... injured ... while in discharge or performance of any duty imposed by the police commissioner, police chief or other superior officer of the Police Department...

484. The occurrence hereinabove described was caused solely and wholly through the carelessness, negligence and recklessness of the defendants ESTATE OF ANTHONY G. DiGERONIMO, DAVID G. DiGERONIMO and JOANNE DiGERONIMO jointly and/or severally with co-defendants, their agents, servants and/or employees: in acting with a depraved indifference to human life; in exposing foreseeable individuals to a dangerous person; in engaging in conduct which created a substantial and/or grave risk of physical injury, serious physical injury and death to the public, persons on or about said premises and to peace and police officers; in

attempting to place and/or placing person(s) in reasonable fear of physical injury, serious physical injury and death; in displaying and/or utilizing illegal and/or dangerous and/or deadly weapons and instruments; in menacing; in engaging in conduct that directly and/or indirectly caused physical injury, psychological injury, serious physical injury and death to the public, persons on or about said premises, plaintiff decedent and to peace and police officers; in allowing and/or permitting dangerous and/or deadly weapons and instruments to be utilized in a unlawful manner; in possessing and/or constructively possessing dangerous and/or deadly weapons and instruments; in failing to warn; in failing to take suitable, proper and/or reasonable precautions for the safety of the public, person(s) on or about said premises and peace and police officers; in failing to comply with any lawful order(s) and/or or direction(s) of peace and police officer(s); in directly and/or indirectly placing and/or exposing the public to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing and/or exposing the plaintiff decedent to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing and/or exposing persons on or about said premises to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing the public in a position of peril; in directly and/or indirectly placing the plaintiff decedent in a position of peril; in directly and/or indirectly placing persons on or about said premises in a position of peril; in directly and/or indirectly exposing the public, plaintiff decedent and persons on or about said premises to danger; in causing public and/or private property damage; in harboring and/or concealing weapons; in interfering, obstructing and/or impairing governmental administration; in assisting and/or facilitating the dangerous, illegal and/or improper acts of a dangerous person; in failing to use due care and caution under the circumstances; in violating: N.Y.S. Penal Law Sections 20.0, 105.05(1), 105.10(1), 105.15, 120.00, 120.00(1), 120.00(2), 120.00(3), 120.05, 120.10, 120.10(1), 120.10(2), 120.10(3), 120.10(4), 120.11, 120.13, 120.14,

120.14(1), 120.14(2), 120.15, 120.18, 120.20, 120.25, 125.10, 125.11, 125.15(1), 125.20, 125.20(1), 125.20(2), 125.22, 125.22(1), 125.22(2), 125.25, 125.25(1), 125.25(2), 125.25(3), 125.26, 125.26(1), 125.27, 125.27(1), 125.27(1)(a)(ii), 140.00, 140.05, 140.10, 140.15, 140.17, 140.20, 140.25, 140.30, 145.00, 145.05, 145.10, 145.14, 145.25, 195.05, 265.01, 265.01(1), 265.01(2), 265.02, 265.02(1), 265.02(2), 265.02(7); and in violating 42 U.S.C. §1983 and 42 U.S.C. §1988.

485. The occurrence hereinabove described was caused solely and wholly through the carelessness, negligence and recklessness of the defendants ESTATE OF ANTHONY G. DiGERONIMO, DAVID G. DiGERONIMO and JOANNE DiGERONIMO, jointly and/or severally with co-defendants, their agents, servants and/or employees: in failing in their duty to keep said premises in a reasonably safe condition; in possessing, storing, permitting, maintaining and/or allowing illegal and/or dangerous and/or deadly weapons and instruments to exist and remain in said premises; in allowing and/or permitting said weapons and deadly instruments to be utilized in a unlawful manner; in failing to properly inspect; in failing to properly supervise; in creating, permitting and/or allowing said premises to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to warn of the dangerous and/or illegal and/or deadly conditions existing thereat; in failing to warn the public; in failing to give any warning to signal of said dangerous and/or unsafe and/or illegal and/or deadly conditions, activities, propensities and/or behaviors; in failing to properly store and/or secure said weapons and deadly instruments; in failing to take suitable, proper and/or reasonable precautions for the safety of persons on or about said premises; in failing to take suitable, proper and/or reasonable precautions for the safety of the public; in failing to comply with any lawful order(s) and/or or direction(s) of police officer(s); in acting with a depraved indifference to human life; in engaging in conduct which directly and/or indirectly created a substantial and/or grave risk of physical injury, serious physical injury and

death to the public, plaintiff decedent, persons on or about said premises and to peace and police officers; in directly and/or indirectly placing the public, plaintiff decedent, persons on or about said premises and peace and police officers in reasonable fear of physical injury, serious physical injury and death; in displaying and/or utilizing illegal and/or dangerous and/or deadly weapons and instruments; in menacing; in engaging in conduct that directly and/or indirectly caused physical injury, psychological injury, serious physical injury and death to the public, persons on or about said premises, plaintiff decedent and to peace and police officers; in directly and/or indirectly placing and/or exposing the public to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing and/or exposing the plaintiff decedent to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing and/or exposing persons on or about said premises to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing and/or exposing peace and police officers to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing the public in a position of peril; in directly and/or indirectly placing the plaintiff decedent in a position of peril; in directly and/or indirectly placing persons on or about said premises in a position of peril; in directly and/or indirectly placing peace and police officers in a position of peril; in directly and/or indirectly exposing the public, peace and police officers, plaintiff decedent and persons on or about said premises to danger; in hindering the prosecution of decedent Anthony G. DiGeronimo; in harboring and/or concealing and/or assisting decedent Anthony G. DiGeronimo; in harboring and/or concealing weapons at the aforesaid premises; in exposing foreseeable individuals to a dangerous person; in allowing and/or permitting improper and/or dangerous and/or harmful individuals to enter and/or remain at said premises; in possessing and/or constructively possessing dangerous and/or deadly weapons and/or instruments; in interfering, obstructing and/or impairing governmental administration; in directly

and/or indirectly obstructing the discovery and/or apprehension of decedent Anthony G. DiGeronimo; in assisting and/or facilitating the dangerous, illegal and/or improper acts of a dangerous person; in failing and/or refusing to aid a peace or police officer; in improperly and/or insufficiently supervising and/or controlling decedent Anthony G. DiGeronimo; in failing to provide sufficient lighting; in employing incompetent help; in disregarding a substantial risk of injury and/or death to peace officers, police officers and/or law enforcement personnel who would foreseeably respond to a dangerous situation created by decedent Anthony G. DiGeronimo; in failing to properly hire, train and/or supervise its agents, servants and/or employees; and in failing to use due care and caution under the circumstances; in violating N.Y.S. Penal Law Sections 20.0, 105.05(1), 105.10(1), 105.15, 115.0, 115.00(1), 115.01, 115.05, 120.00, 120.00(1), 120.00(2), 120.00(3), 120.05, 120.10, 120.10(1), 120.10(2), 120.10(3), 120.10(4), 120.11, 120.13, 120.14, 120.14(1), 120.14(2), 120.15, 120.18, 120.20, 120.25, 125.10, 125.11, 125.15(1), 125.20, 125.20(1), 125.20(2), 125.22, 125.22(1), 125.22(2), 125.25, 125.25(1), 125.25(2), 125.25(3), 125.26, 125.26(1), 125.27, 125.27(1), 125.27(1)(a)(ii), 140.00, 140.05, 140.10, 140.15, 140.17, 140.20, 140.25, 140.30, 145.00, 145.05, 145.10, 145.14, 145.25, 195.05, 205.50, 205.55, 205.60, 205.65, 265.01, 265.01(1), 265.01(2), 265.02, 265.02(1), 265.02(2), 265.02(7); and in violating 42 U.S.C. §1983 and 42 U.S.C. §1988.

486. The occurrence hereinabove described was caused solely and wholly through the carelessness, negligence and recklessness of the defendant JOHN CAFARELLA, jointly and/or severally with co-defendants, their agents, servants and/or employees: in interfering, obstructing and/or impairing governmental administration; in impersonating a police officer; in preventing public servants, peace officers and police officers on or about said premises from performing their official functions; in creating a dangerous and/or deadly situation; in creating a panic; in acting

without proper and/or legal authority; in improperly acting without the authority and/or approval of a police department; in directly and/or indirectly obstructing the discovery and/or apprehension of decedent Anthony G. DiGeronimo; in failing to properly inspect; in failing to warn of the dangerous and/or illegal and/or deadly conditions existing thereat; in failing to warn the public; in failing to give any warning to signal of said dangerous and/or unsafe and/or illegal and/or deadly conditions, activities, propensities and/or behaviors; in failing to take suitable, proper and/or reasonable precautions for the safety of persons on or about said premises; in failing to take suitable, proper and/or reasonable precautions for the safety of the public; in failing to comply with any lawful order(s) and/or or direction(s) of police officer(s); in menacing; in acting with a depraved indifference to human life; in engaging in conduct which directly and/or indirectly created a substantial and/or grave risk of physical injury, serious physical injury and death to the public, plaintiff decedent, persons on or about said premises and to peace and police officers; in directly and/or indirectly placing the public, plaintiff decedent, persons on or about said premises and peace and police officers in reasonable fear of physical injury, serious physical injury and death; in trespassing on or about said premises; in constructively trespassing on or about said premises; in engaging in conduct that directly and/or indirectly caused physical injury, psychological injury, serious physical injury and death to the public, persons on or about said premises, plaintiff decedent and to peace and police officers; in directly and/or indirectly placing and/or exposing the public to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing and/or exposing the plaintiff decedent to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing and/or exposing persons on or about said premises to a dangerous, unsafe, harmful and/or deadly situation; in directly and/or indirectly placing and/or exposing peace and police officers to a dangerous, unsafe, harmful and/or deadly

situation; in directly and/or indirectly placing the public in a position of peril; in directly and/or indirectly placing the plaintiff decedent in a position of peril; in directly and/or indirectly placing persons on or about said premises in a position of peril; in directly and/or indirectly placing peace and police officers in a position of peril; in directly and/or indirectly exposing the public, peace and police officers, plaintiff decedent and persons on or about said premises to danger; in hindering the prosecution of decedent Anthony G. DiGeronimo; in directing law enforcement personnel to discharge a weapon upon the plaintiff decedent; in engaging in conduct likely to cause law enforcement personnel to discharge a weapon upon the plaintiff decedent; in recklessly engaging in conduct likely to cause law enforcement personnel to discharge a weapon upon the plaintiff decedent; in failing and/or refusing to aid a peace or police officer; and in failing to use due care and caution under the circumstances; in violating N.Y.S. Penal Law Sections 20.0, 105.05(1), 105.10(1), 105.15, 115.00, 115.00(1), 115.01, 115.05, 120.00, 120.00(1), 120.00(2), 120.00(3), 120.05, 120.10, 120.10(1), 120.10(2), 120.10(3), 120.10(4), 120.11, 120.13, 120.14, 120.14(1), 120.14(2), 120.15, 120.18, 120.20, 120.25, 125.10, 125.11, 125.15(1), 125.20, 125.20(1), 125.20(2), 125.22, 125.22(1), 125.22(2), 125.25, 125.25(1), 125.25(2), 125.25(3), 125.26, 125.26(1), 125.27, 125.27(1), 125.27(1)(a)(ii), 140.00, 140.05, 140.10, 140.15, 140.17, 140.20, 140.25, 140.30, 145.00, 145.05, 145.10, 145.14, 145.25, 190.23, 190.25, 190.25(1), 190.25(2), 190.25(3), 190.26, 190.26(1), 190.26(2), 190.26(3), 195.05, 195.10, 205.50, 205.55, 205.60, 205.65, 265.01, 265.01(1), 265.01(2), 265.02, 265.02(1), 265.02(2), 265.02(7); and in violating 42 U.S.C. §1983 and 42 U.S.C. §1988.

487. The occurrence hereinabove described was caused solely and wholly through the carelessness, negligence and recklessness of the defendants GENTILE, RAMOS, JOHN DOE, MTA and POLICE, jointly and/or severally with co-defendants, their agents, servants and/or employees: in causing serious physical injury and death to decedent GEOFFREY J.

BREITKOPF; in acting with depraved indifference to human life; in using excessive and deadly force; in using excessive and deadly force without justification; in performing their duties outside their jurisdiction; in failing to take necessary steps and measures to prevent the subject incident from occurring; in failing to identify themselves to the decedent; in creating a dangerous and/or unsafe situation to develop and exist; in failing to take suitable and proper precautions for the safety of persons; in failing to properly and thoroughly investigate and evaluate the facts and circumstances herein; in acting without probable cause; in committing assault and battery upon plaintiff decedent; in offensively contacting plaintiff decedent; in interfering, obstructing and/or impairing governmental administration; in preventing public servants, peace officers and police officers on or about said premises from performing their official functions; in improperly acting without the authority and/or approval of a police department; in acting without reasonable suspicion; in failing to provide any warning; in failing to provide a sufficient warning; in failing to properly supervise and/or direct; in failing to act reasonably under the circumstances; in violating the applicable statutes, rules, regulations, procedures and ordinances; in failing to follow acceptable police practice, guidelines and procedures; in affirmatively directly law enforcement personnel to respond to a situation that their presence was not necessary; failed to utilize stun guns and/or less lethal instruments and/or weapons; failed to utilize less lethal methods in their response; in improperly directing the defendants to respond to the aforesaid premises; in failing to use due care and caution under the circumstances; and in violating the following sections of the N.Y.S. Penal Law: 20.00, 35.05, 35.10, 35.15, 35.20, 35. 25, 35.27, 35.30, 105.05(1), 105.10(1), 105.15, 115.00, 115.00(1), 115.01, 115.05, 120.00, 120.00(1), 120.0(2) 120.00(3), 120.05, 120.10, 120.10(1), 120.10(2), 120.10(3), 120.10(4), 120.11, 120.13, 120.14, 120.14(1), 120.14(2), 120.15, 120.18, 120.20, 120.25, 125.00, 125.10, 125.11, 125.15, 125.15(1), 125.20, 125.20(1), 125.20(2), 125.21,

125.22, 125.22(1), 125.22(s), 125.25, 125.25(1), 125.25(2), 125.25(3), 125.26, 125.26(1), 125.27, 125.27(1), 125.27(1)(a)(ii), 140.00, 140.05, 140.10, 140.15, 140.17, 190.23, 190.25, 190.25(1) 190.25(2) 190.25(3), 190.26, 190.26(1), 190.26(2), 190.26(3), 195.00, 195.05, 195.10, 265.03(1)(b), 265.35; and in violating 42 U.S.C. §1983 and 42 U.S.C. §1988.

488. The occurrence hereinabove described was caused solely and wholly through the carelessness and negligence of the defendants JOHN DOE, MTA and POLICE, jointly and/or severally with co-defendants, their agents, servants and/or employees: in causing serious physical injury and death to decedent GEOFFREY J. BREITKOPF; in failing to properly hire, monitor, train, control and supervise their agents servants and/or employees; in failing to properly screen and evaluate their potential servants, agents, and/or employees; in failing to properly re-evaluate their servants, agents, and/or employees; in negligently retaining said agents, servants and/or employees; in failing to conduct an investigation concerning said agents, servants and/or employees; in failing to use reasonable care to correct or remove said agents, servants and/or employees; in failing to draft, enforce, and/or follow reasonable and adequate guidelines, rules and/or procedures; in violating their own guidelines, procedures and/or rules, in failing to act reasonably under the circumstances.

489. That by reason of the foregoing, and by reason of the violations of the aforesaid statutes, ordinances, rules and regulations, plaintiff decedent GEOFFREY J. BREITKOPF was seriously injured and suffered death as previously set forth herein.

490. That since the acts complained of herein occurred, plaintiff decedent became sick, sore, lame and disabled; that by reason of the said injuries plaintiff decedent, suffered conscious pain and suffering and death, will be unable to attend to his usual affairs and duties and plaintiff decedent, has lost and will lose diverse sums of money thereby and plaintiff decedent been

otherwise damaged, said damages in the amount in excess of the jurisdictional limits of the lower Courts.

### TENTH CLAIM FOR RELIEF:
### ON BEHALF OF PLAINTIFF PAULA BREITKOPF
### FOR LOSS OF SERVICES

491. Plaintiffs repeat, reiterate and reallege each and every allegation contained within paragraphs "1" - "490" of this Complaint with the same force and effect as if herein more fully at length set forth.

492. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the above paragraphs inclusive of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action, with the same force and effect as if set forth at length herein.

493. At the time of the incident, Plaintiff PAULA BREITKOPF was the lawfully wedded spouse of plaintiff decedent GEOFFREY J. BREITKOPF, and as such, lived and cohabitated together for some time prior to decedent's death.

494. That since the acts complained of herein have occurred, plaintiff PAULA BREITKOPF has been deprived of the services of her spouse.

495. That prior to the occurrence herein, decedent GEOFFREY J. BREITKOPF was the dutiful and loving spouse of the plaintiff PAULA BREITKOPF and helped keep the home, and provided certain services to his spouse.

496. That since the acts complained of herein occurred, plaintiff PAULA BREITKOPF's spouse, the decedent, became sick, sore, lame and disabled and he was confined to hospital, prior to his death; plaintiff PAULA BREITKOPF was obliged to and necessarily did engage and procure medical aid and attention in an endeavor to cure her said spouse of his hurts and wounds and did necessarily pay and become liable therefore; that by reason of the said injuries

plaintiff's said spouse has been and will be unable to attend to his usual affairs and duties and plaintiff, PAULA BREITKOPF, has lost and will lose diverse sums of money thereby and said plaintiff has been otherwise damaged in an amount in excess of the jurisdictional limits of all lower Courts.

## ELEVENTH CLAIM FOR RELIEF:
## PUNITIVE DAMAGES

497. Plaintiffs repeat, reiterate and reallege each and every allegation contained within paragraphs "1" - "496" of this Complaint with the same force and effect as if herein more fully at length set forth.

498. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the above paragraphs inclusive of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action, with the same force and effect as if set forth at length herein.

499. As a result of the foregoing, plaintiffs are entitled to punitive damages against the defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

A. Full and fair compensatory damages in an amount to be determined by a jury;

B. Punitive damages in an amount to be determined by a jury;

C. Reasonable attorney's fees on behalf and the costs and disbursements of their actions; and

D. Such other and further relief as appears just and proper.

Dated: Woodbury, New York
       February 28, 2012

                                            John Zervopoulos (JZ_____)
                                            SALENGER, SACK,
                                            KIMMEL & BAVARO, LLP
                                            Attorneys for Plaintiffs
                                            180 Froehlich Farm Blvd.
                                            Woodbury, New York 11797
                                            Telephone: (516) 677-0100
                                            Facsimile: (516) 677-0443

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PAULA BREITKOPF as Administratrix of the
Estate of GEOFFREY J. BREITKOPF, Deceased, and
PAULA BREITKOPF, Individually

                                             Plaintiffs,

    -against-

METROPOLITAN TRANSPORTATION AUTHORITY
POLICE OFFICER GLENN GENTILE,
METROPOLITAN TRANSPORTATION AUTHORITY
POLICE OFFICER JOSE RAMOS, METROPOLITAN
TRANSPORTATION AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY POLICE DEPARTMENT,
JOHN DOE, believed to be a METROPOLITAN
TRANSPORTATION AUTHORITY Employee,
JOHN CAFARELLA, ESTATE OF
ANTHONY G. DiGERONIMO, DAVID G. DiGERONIMO and
JOANNE DiGERONIMO,

                                             Defendants.

---

CIVIL COVER SHEET, CERTIFICATION OF ARBITRATION ELIGIBILITY, SUMMONS IN
CIVIL ACTION WITH COMPLAINT

---

## SALENGER, SACK, KIMMEL & BAVARO, LLP
*Attorneys for Plaintiffs*
**180 Froehlich Farm Boulevard
Woodbury, New York 11797
516-677-0100
516-677-0443 Fax**